# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| FRANCISCO S.A. IGNACIO,<br><br>          Petitioner,<br>vs.<br><br>PEOPLE OF GUAM,<br><br>          Respondent. | CIVIL CASE NO. 13-00002<br><br>**ORDER** |

This matter is before the court on the Petition for Writ of Habeas Corpus ("Petition") filed by Francisco S.A. Ignacio ("Petitioner"). *See* ECF No. 1. After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **DISMISSES** the Petition as untimely for the reasons stated herein.

**A. BACKGROUND**

Petitioner was convicted on May 15, 1979 in the Superior Court of Guam, on two counts of Murder, one count of Attempted Murder, and one count of First Degree Robbery. *See* Criminal Case No. 79-00036A, Docket No. 12. On May 17, 1979, Petitioner was sentenced to concurrent terms of ten years imprisonment for the attempted murder and robbery counts, followed by concurrent terms of life imprisonment for both murder counts. *Id.* The Appellate Division of the District Court of Guam affirmed the judgment on January 19, 1981. *See* Criminal

1

Case No. 79-00036A, Docket No. 20. The Ninth Circuit affirmed the lower court on April 27, 1982. *See* Criminal Case No. 79-00036A, Docket No. 29.

Petitioner then sought post-conviction relief from the District Court of Guam, but the case was dismissed due to lack of jurisdiction. *See* Civil Case No. 08-00003, ECF No. 5. Subsequently, Petitioner's habeas corpus petition was denied by the Superior Court of Guam as untimely on July 1, 2011, and the Supreme Court of Guam dismissed the petition as untimely on October 9, 2012. *Ignacio v. People*, No. CVA11-013, 2012 WL 4840878, *1, *10 (Guam Oct. 9, 2012).

Petitioner filed the instant Petition with this court on January 17, 2013. *See* ECF No. 1. In the Order to Show Cause dated September 18, 2013, the court found that statutory tolling did not apply in this case and directed Petitioner to show cause why the Petition should not be denied as untimely. *See* ECF No. 3. Petitioner filed his response to the Order to Show Cause on October 7, 2013. *See* ECF No. 4. Respondent filed its response on November 12, 2013, and Petitioner filed a reply on December 2, 2013. *See* ECF Nos. 6, 8.

**B. DISCUSSION**

    **1. Equitable Tolling**

The one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] to file a federal petition for writ of habeas corpus is subject to

---

[1] 28 U.S.C. § 2244(d)(1) provides:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

Case 1:13-cv-00002   Document 9   Filed 12/12/13   Page 2 of 6

equitable tolling if Petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner states that his sister retained counsel for Petitioner's appeal in 1980. Pet'r's Resp. at 2, ECF No. 4. Although the Ninth Circuit issued its opinion affirming Petitioner's conviction in 1982, Petitioner claims that his appellate counsel did not inform him of that result when counsel contacted Petitioner in October 1983 regarding his sister's refusal to pay for legal services. *Id.* at 4.

From 2001 to 2003, Petitioner participated in Blackstone Career Institute's paralegal program "to understand the process of the legal system, how to file documents and to petition the court(s), and to substantiate his actual innocence of the crime he was convicted for[.]" Pet'r's Resp. at 2. Petitioner noticed that his appeal had taken too long, so on July 27, 2004, Petitioner requested documents pertaining to his case from the Superior Court of Guam, but received no response. *Id.* at 4. In October 2004, Petitioner contacted the Office of the Attorney General of Guam and was given his appellate counsel's telephone number. Thereafter, Petitioner learned that his appeal was denied.

Petitioner unsuccessfully attempted to discuss various grounds for relief with former appellate counsel, so on February 19, 2008, Petitioner requested a copy of the unpublished appellate opinion from the Ninth Circuit. Pet'r's Resp. at 4. After reading the Ninth Circuit opinion, Petitioner noticed that its summary of what occurred was "totally different from what took place at trial on May 14–15, 1979." *Id.* at 4. Accordingly, he instituted post-conviction relief proceedings in the District Court of Guam on March 24, 2008. *See* Civil Case No. 08-00003, ECF No. 1.

3

Petitioner contends that he has been pursuing his rights diligently, as described above. However, the record shows that Petitioner took at least eight years, from when the AEDPA was implemented in 1996 to 2004, to affirmatively seek the outcome of his appeal.[2] Although Petitioner may have been unfamiliar with the legal system until he participated in the Blackstone paralegal program in 2001–2003, it is unreasonable for a layperson to assume that a court would take decades to decide an appeal. Further, Petitioner took an additional three years and four months, from when he learned of the outcome in October 2004 to February 2008, to request the appellate opinion from the Ninth Circuit.

The record shows that Petitioner did not diligently pursue his rights and no extraordinary circumstance prevented him from doing so. Accordingly, the court finds that Petitioner is not entitled to equitable tolling of the statute of limitations.

### 2. Actual Innocence

The Supreme Court held in *McQuiggin v. Perkins* that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar…[or] expiration of the statute of limitations." 133 S. Ct. 1924, 1928 (2013). However, the Court cautioned that "tenable actual-innocence gateway pleas are rare" and that the standard as set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), is "demanding." *McQuiggin*, 133 S. Ct. at 1928, 1936. *Schlup* requires a petitioner to "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error" in order for the court to consider the petition on the merits. 513 U.S. at 316. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

---

[2] The court notes that approximately twenty-one years passed from when Petitioner spoke with appellate counsel in 1983 to when he took affirmative steps to seek the outcome of his appeal in 2004. However, as the AEDPA's one-year statute of limitations did not go into effect until 1996, the court will not take into consideration Petitioner's inaction before 1996.

4

have voted to find him guilty beyond a reasonable doubt." *Id*. at 1928 (quoting *Schlup*, 513 U.S. at 329).

> To be credible, [an actual-innocence gateway] claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324 (emphasis added). Moreover, "untimeliness…does bear on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1936. The Ninth Circuit has interpreted *Schlup*'s "new reliable evidence" requirement to mean newly presented evidence rather than newly discovered. *Griffin v. Johnson*¸ 350 F.3d 956, 963 (9th Cir. 2003). Thus, evidence that was discovered prior to trial, but never presented, constitutes "new…evidence…that was not presented at trial." *Id*. (quoting *Schlup*, 513 U.S. at 324).

Here, Petitioner sets forth three grounds for his claim of actual innocence: (1) trial counsel failed to investigate and present alibi witnesses; (2) Petitioner did not admit to being absent from his job despite trial testimony to the contrary; and (3) witness's expressions of uncertainty during police lineup conflicted with positive identification of Petitioner from lineup and at trial. Pet'r's Reply at 5, ECF No. 8. The second and third grounds do not constitute new evidence as those issues were raised at trial. *See* Opinion at 10–12, Criminal Case No. 79-00036A, Docket No. 20. With respect to the first ground, Petitioner has not in fact presented any evidence whatsoever, such as sworn affidavits of the alleged alibi witnesses, to support his claim of actual innocence. Accordingly, the court finds that Petitioner has not satisfied the demanding *Schlup* standard and that the equitable exception to the statute of limitations for a claim of actual innocence does not apply in this case.

//

//

5

Case 1:13-cv-00002   Document 9   Filed 12/12/13   Page 5 of 6

**C. CONCLUSION**

Based upon the foregoing, the court finds that Petitioner is not entitled to equitable tolling or the actual-innocence exception to the statute of limitations. Consequently, as the Petition was filed beyond the limitations period, the court hereby **DISMISSES** the Petition as untimely.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Dec 12, 2013**